**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DAISY BUNDRAGE,**

           Plaintiff,

**vs.**                          **CASE NO. 8:16-cv-00391-RAL-JSS**

**COLLECTO, INC. d/b/a EOS CCA,**

           Defendant.
_____/

**FIRST AMENDED COMPLAINT[1]**
**JURY DEMAND**

**INTRODUCTION**

1. Plaintiff alleges that Defendant called her cellular telephone in violation of the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq*. ("TCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 47 U.S.C. § 227(b)(3). *See* Mims v. Arrow Financial Services, LLC, No. 10-1195, 2012 U.S. LEXIS 906, 2012 WL 125429 (Jan. 18, 2012). Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

3. Plaintiff, Daisy Bundrage ("Plaintiff") is a natural person and a citizen of the State of Florida, residing in Manatee County in the Middle District of Florida.

---

[1] Amended as a matter of course pursuant to Fed. R Civ. P. 15(a)(1)(A).

4. Defendant, Collecto, Inc. d/b/a EOS CCA ("Defendant") is a foreign business corporation organized and existing under the laws of the State of Massachusetts with its principal place of business and corporate offices in Norwell, Massachusetts. Defendant regularly conducts business in the State of Florida including the Middle District of Florida.

**FACTUAL ALLEGATIONS**

5. On or about August 2014, Defendant began using an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone number 941-███-0294 within four years of this Complaint.

6. By way of example, Defendant called Plaintiff's aforementioned cellular telephone number using an automatic telephone dialing system or a pre-recorded or artificial voice including, but, not limited to, on or about the following dates and times:

September 8, 2014 at 3:34 PM

September 25, 2014 at 2:53 PM

September 25, 2014 at 5:18 PM

September 26, 2014 at 10:40 AM

September 30, 2014 at 12:44 PM

September 30, 2014 at 4:54 PM

October 2, 2014 at 4:24 PM

October 7, 2014 at 8:38 AM

October 14, 2014 at 1:53 PM

October 14, 2014 at 5:27 PM

    October 16, 2014 at 5:30 PM

    October 23, 2014 at 8:42 AM

    October 23, 2014 at 1:03 PM

    October 23, 2014 at 5:42 PM

    October 28, 2014 at 2:28 PM

    October 28, 2014 4:21 PM

    October 30, 2014 8:12 AM

    October 30, 2014 1:18 PM

    October 30, 2014 at 4:15 PM

    January 21, 2015 at 8:26

7. Several of the telephone calls Plaintiff received from Defendant resulted in the following pre-recorded messages being left on Plaintiff's cellular telephone:

> *Important message from EOS CCA. This is a call from a debt collector. Please call 844-845-6551.*

8. Defendant's records will show that Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place other telephone calls to Plaintiff's aforementioned cellular telephone number between August 2014 and the filing of this Complaint.

9. Defendant initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

10. Defendant placed the telephone calls to Plaintiff's cellular telephone in an attempt to collect an alleged debt from Samuel Bundrage.

11. Plaintiff is not a co-signor or otherwise an obligor on Samuel Bundrage's debt.

12. Plaintiff does not have any business with Defendant.

13. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

14. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)

15. Plaintiff incorporates Paragraphs 1 through 14 above as if fully set forth herein.

16. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. A declaration that Defendant's debt collection practices violate the TCPA;

    c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an

automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> */s/ Kimberly H. Wochholz*
> [   ] James S. Giardina – Trial Counsel
> Fla. Bar No. 0942421
> [ X] Kimberly H. Wochholz
> Fla. Bar No. 0092159
> **The Consumer Rights Law Group, PLLC**
> 3104 W. Waters Avenue, Suite 200
> Tampa, Florida 33614-2877
> Tel: (813) 435-5055 ext 101
> Fax: (866) 535-7199
> James@ConsumerRightsLawGroup.com
> Kim@ConsumerRightsLawGroup.com
> *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 24, 2016, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that I mailed the foregoing document and the notice of electronic filing by first-class mail with a courtesy copy via email to the following non-CM/ECF participants:

Michael S. Kraft, Esq.
Kraft Law Firm
30 Coach Lane
Westwood, MA 02090
Michael@kraftlawfirm.com
Counsel for Defendant

        /s/ Kimberly H. Wochholz
        Kimberly H. Wochholz
        Fla. Bar No. 0092159